ELIHU R. HAWKS vs. WILLIAM H. TRUESDELL.

A note given by one joint owner of property to the other, in consideration of the latter's naming a price which he will give or take for the property, and under an agreement that the party who is to buy the share of the other shall fulfil his bargain, cannot be enforced, if the party receiving the note, after getting the proposal of the other, and agreeing to buy his interest at the sum so named, refuses to fulfil his bargain. And it is not necessary, in order to defeat the note, to tender a conveyance of the property.

CONTRACT upon a promissory note of $100, signed by the defendant and payable to Zelotes Jenks or order, on demand with interest, and indorsed to the plaintiff.

At the trial in the superior court, before *Vose*, J., it appeared that Jenks and the defendant were joint owners of certain hotel property in Belvidere, Illinois, worth about $6000. Jenks said to the defendant that one of them ought to own the whole property. After some talk, the defendant said he would give Jenks one hundred dollars to say what he would give or take, and accordingly then executed the note in suit. Jenks took the note and shortly after informed the defendant that he would give or take $3000. The defendant thereupon said he would sell his interest to Jenks for that sum. Jenks said he should have to go home for the money, and would get an attorney to draw the papers, and left and did not return, and afterwards refused to carry out the bargain, and soon afterwards conveyed his interest to another person. The defendant never offered Jenks any

conveyance of his interest in the property, or communicated with him on the subject. It was a part of the consideration of the note that the party who was to buy the property should fulfil the bargain.

The judge instructed the jury that these facts did not constitute a defence to the note, and a verdict was accordingly returned for the plaintiff. The defendant alleged exceptions.

*J. G. Allen*, for the defendant, cited *Daggett* v. *Daggett*, 8 Cush. 520; *Waterhouse* v. *Kendall*, 11 Cush. 128; *Travers* v. *Stevens*, Ib. 167.

*E. D. Beach*, for the plaintiff, cited Story on Notes, § 186; *Williams* v. *Hathaway*, 19 Pick. 387; *Dana* v. *King*, 2 Pick. 155.

CHAPMAN, J. The contract between Jenks and the defendant related to the sale of property owned by them jointly. It was agreed that one of them ought to own the whole, and, as a method of determining which should be the purchaser, Jenks agreed in consideration of the note in suit to state what he would give or take. After deliberating he stated his price, and the defendant decided to sell to him at the price named. It was a part of the consideration of the note that the party who was to buy the property should fulfil the bargain. Jenks has not fulfilled the bargain, and so the consideration has failed. To hold otherwise would be to disregard the substance and stand upon a quibble.

It is contended that the conveyance by the defendant was a condition precedent to the payment of the money by Jenks, and that therefore this defence cannot be maintained. If this were an action in favor of the defendant against Jenks to recover the money, it might have been necessary that such conveyance should be tendered. But in order to establish a defence against the note, it is only necessary to show the failure of Jenks to perform the contract on his part. This failure appears by the fact that he went away agreeing to get the money and have the papers drawn, and never returned or in any way fulfilled his agreement. The defendant has not been in fault, and is not precluded from relying on the failure of the consideration as a defence to this action. *Exceptions sustained.*